CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2014

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARKHAM ANDREW BURKE,** | ) | CASE NO. 7:13CV00380 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **HAROLD CLARKE, DIRECTOR,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Markham Andrew Burke, a Virginia inmate, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state court criminal convictions and twenty-year sentence for abduction and sexual offenses related to the molestation of a minor victim. After careful review of the record and the parties' arguments on the respondent's motion to dismiss, the court will order that the case be stayed and held in abeyance to allow Burke, with counsel's assistance, to seek additional review of his habeas corpus claims in the state court.

**I.**

A Roanoke County Circuit Court jury found Burke guilty on November 23, 2009, of aggravated sexual battery under Va. Code Ann. § 18.2-67.3; taking indecent liberties under Va. Code Ann. § 18.2-370; and abduction with intent to defile under Va. Code Ann. § 18.2-48(ii). (Case Nos. CR09-799, CR09-823, CR09-824.) At trial, the Commonwealth's central witness was the alleged victim ("C.W.") who testified that Burke molested her at some point in the summer of 1998 near the time of her eighth birthday. The Virginia Court of Appeals summarized her testimony as follows:

> [C.W.] testified that she visited her grandparents' home for a family gathering during the summer of 1998. At one point, [C.W.] left the group and went downstairs alone to use the bathroom. As [C.W.] was leaving the bathroom, she was confronted by [Burke], who was her uncle. [Burke] pushed [C.W.] back into

the bathroom. [C.W.] pushed [Burke] away and grabbed the panels of the bathroom door. However, [Burke] grabbed [C.W.] again and lifted her onto the counter beside the sink. [Burke] closed the door. [Burke] then rubbed [C.W.] on her vagina over her clothes. [Burke] pulled out his penis and began masturbating. [Burke] asked [C.W.] to touch his penis, but she did not. [C.W.] jumped off the counter and fled upstairs to her family. [C.W.] did not report the incident to anyone until 2009.

(Va. Ct. App. Opinion 3, Aug. 26, 2010, ECF No. 1-1.)

C.W. gave the following explanation on direct as to why she waited so long to come forward with her allegations against Burke:

[T]he prosecutor asked [C.W.] why she came forward with the allegations against [Burke] in 2009 for events that occurred in 1998. [C.W.] responded that she learned in 2009 that her cousin had made an allegation against appellant regarding sexual misconduct. [C.W.] said she felt she had to "do something" and did not want her cousin to have to testify by herself.

(Va. Ct. App. Opinion 1, Aug. 26, 2010, ECF No. 1-1.)

Burke's trial attorney, Valeria Cook, did not immediately object to either the prosecutor's question or to C.W.'s testimony about her cousin's allegations. On cross-examination, Cook questioned C.W. about her conversation with her cousin. Cook waited until after the Commonwealth rested its case in chief to ask the trial judge to instruct the jurors not to consider C.W.'s testimony about her cousin's allegations of being molested by Burke. The prosecutor objected and proffered that before trial, Cook had received summaries of police interviews of C.W., during which C.W. stated that she reported the incident in January 2009, because her cousin had recently confided that Burke had molested the cousin as a child. The trial judge asked Cook if she was asking the court to take any remedial measure other than the curative instruction she had requested. Cook answered that she was merely seeking a curative instruction.

The trial judge granted Cook's request and instructed jurors to disregard and not attribute any weight or significance to the allegations by C.W.'s cousin, as these allegations were

2

irrelevant to the proceeding. During Cook's closing argument delivered after the Court had offered the curative instruction, Cook again referred to C.W.'s conversation with her cousin.

After six hours of deliberation, the jurors announced that they had reached an impasse, and the trial judge delivered an Allen[1] charge. After resuming their deliberations, jurors sent out a written question for the Court about the sufficiency of the evidence, to which the judge responded. About half an hour later, the jurors reached a verdict, finding Burke guilty on all three counts.

Cook subsequently moved for a mistrial based on C.W.'s testimony about her cousin's allegations against Burke, which the Court denied. Following the recommendations of the jury, the Court ultimately sentenced Burke to a total active sentence of twenty years in prison, consisting of concurrent sentences of five years for aggravated sexual battery, twenty years for abduction, and twelve months for indecent liberties.

Cook pursued an appeal on Burke's behalf, challenging the trial court's denial of his post-trial motion for a mistrial, based on C.W's testimony about her cousin's accusations of Burke, and the sufficiency of the evidence to support his conviction for abduction with intent to defile separate from the substance of the other offenses charged. (Record No. 0788-10-3.) On August 26, 2010, the Court of Appeals of Virginia denied Burke's appeal, finding that since Burke had not objected to C.W's testimony on direct until after the Commonwealth had rested, the issue was not preserved for appellate review as required under Rule 5A:18 of the Supreme Court of Virginia. Burke then retained new counsel, Stuart J. Pearson, to petition for review to the Supreme Court of Virginia, which refused Burke's petition for appeal on June 1, 2011. (Record No. 101829.)

---

[1] Allen v. United States, 164 U.S. 492 (1896).

Pearson timely filed a petition for a writ of habeas corpus on Burke's behalf in the Roanoke County Circuit Court (Case No. CL12000688-00), asserting the following five claims of ineffective assistance of counsel:

A) Failing to object to objectionable testimony presented by the victim;

B) Failing to effectively voir dire the jury pool;

C) Failing to interview witnesses who would have aided in counsel's cross-examination of the victim;

D) Failing to effectively discuss and review the Commonwealth's proposed plea agreement; and

E) Failing, on appeal to the Court of Appeals, to invoke either the good cause or ends of justice exceptions to Rule 5A:18 to allow the Court of Appeals to reach Question I in Burke's petition for appeal.

Burke asked the Court to grant his petition "and allow him the opportunity to present oral argument and such other evidence as permitted by the Court and the Rules." (M. Dism. Exh. 2, at 6; ECF No. 13-2.)

The Roanoke County Circuit Court summarily denied Burke's state habeas corpus petition by final order dated May 15, 2013. The Court held that Cook's failure to object contemporaneously to the improper testimony by C.W. about Burke having molested her cousin was a valid trial strategy. The Court further noted that Burke had failed to establish particular facts to show that Cook's ineffective representation of him had prejudiced the outcome of the trial. Thus, the Court found, "Burke has not established both prongs of the Strickland [v. Washington, 466 U.S. 668 (1984)] test, and claim A is conclusory." (M. Dism. Exh. No. 3, at 6; ECF No. 13-3.) The Court also found that Burke had failed to present facts establishing deficient performance by Cook or prejudice under Strickland as to any of his other claims of ineffective assistance.

4

An appeal from the denial of a writ of habeas corpus lies directly in the Supreme Court of Virginia, and Burke had thirty days to note his appeal. See Va. Code Ann. § 17.1-406(b); Va. Sup. Ct. R. 5:14. Burke, however, did not appeal the circuit court's denial of his habeas petition. Instead, he filed this pro se § 2254 petition on August 15, 2013, attacking the validity of his conviction on substantially the same grounds as raised in his state habeas petition. In support of his federal petition, Burke submits numerous affidavits that he did not present in support of the circuit court petition.

Burke did not appeal the circuit court's denial of his habeas petition based upon the clear direction of his appellate and habeas counsel, Pearson, who told him that appealing to the Supreme Court of Virginia was unnecessary to exhaust available state remedies before seeking habeas relief in federal court. Specifically, Pearson advised Burke by letter dated May 21, 2013 as follows:[2]

> Unfortunately, Judge Swanson has ruled against you [in the circuit court habeas corpus case]. In my opinion, you have now exhausted all available relief opportunities in the Commonwealth of Virginia. You may have the right to file for Writ of Habeas corpus in Federal Court, but I am not familiar with that particular process. Now that the services for which I was retained have been completed, I will close my file. If you intend to pursue a Federal Habeas Corpus Petition, please let me know if you need any of the documents in my file and I will gladly forward them to you.

(Pet. Attach. D3, ECF No. 1-14.) Pearson repeated his incorrect advice in a second letter, dated July 29, 2013, stating:

> [T]he Commonwealth of Virginia allows a Habeas petition to be filed in either Circuit Court or the Supreme Court. In my opinion we were more likely, in this case, to get a favorable ruling from Judge Swanson so that is where I filed. Even

---

[2] Burke submitted copies of Pearson's letters about habeas corpus proceedings as exhibits to his § 2254 petition. Because the respondent has not contested the letters' authenticity, the court includes them as part of this factual summary.

5

> though it was not filed through the Supreme Court, Federal Court should still accept it.

(Pet. Attach. D, ECF No. 1-14.)

## II.

The parties agree that by failing to appeal the denial of his state habeas petition to the Supreme Court of Virginia, Burke failed to exhaust an available state court remedy, an omission that constitutes a procedural default of his ineffective assistance claims. The respondent forcefully maintains that Burke cannot show cause for this default or resulting prejudice.

Burke's current predicament is unusual, in that no court, other than the trial court, has reviewed the proceedings before the trial court to determine whether Burke received a constitutionally adequate trial. Burke lost his direct appeal as to the admissibility of C.W.'s testimony that Burke had sexually molested her cousin, because counsel failed to make a contemporaneous objection. Likewise, only the trial court has reviewed the ineffective assistance issues raised in the state habeas petition—not for any failure by Burke, but because his habeas counsel failed either to read or to understand the import of Va. Code Ann. § 17.1-406(b), which provides for a direct appeal of habeas matters to the Supreme Court of Virginia.

Citing Rhines v. Weber, 544 U.S. 269 (2005), Burke's current counsel has advanced an argument, which if successful, potentially could give Burke the opportunity to obtain further state court review of his habeas petition. This court takes no position as to whether Burke will ultimately be able to exhaust his ineffective assistance claims. It is well established, however, that the exhaustion requirement is "an accommodation of our federal system designed to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Conner, 404 U.S. 270, 275 (1971) (internal quotations and citations omitted). To this end, the doctrines of federalism and comity constrain the court to withhold ruling on the

6

petition at this time to give Burke the opportunity to return to state court for whatever relief may be available to him there on his unexhausted claims. Stated differently, the court believes that the petitioner should at least have the opportunity to seek relief, in what are clearly unusual circumstances, before the Supreme Court of Virginia.

### III.

At the request of Burke's federal habeas counsel, the court will stay this case and hold it in abeyance to allow Burke to seek review before the Supreme Court of Virginia of the issues raised in the state court habeas proceeding. The parties are directed to report to this court no later than 60 days from the date of this order on the status of any further state court proceedings. An appropriate order will issue this day.

ENTER: This 24th day of September, 2014.

_/s/ Glen Conrad_
Chief United States District Judge